CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

DEC 07 2018

JULIA C. DUDLEY, CLERK
BY: /s/ A. Beeson
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN MARK EALY, | ) | CASE NO. 7:18CV00284 |
| | ) | |
| Petitioner, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD CLARK, DIRECTOR, | ) | By: Hon. Glen E. Conrad |
| | ) | Senior United States District Judge |
| Respondent. | ) | |

The petitioner, a Virginia inmate proceeding pro se, filed this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He seeks court-ordered DNA testing of evidence from his state criminal case and habeas corpus relief from the state court judgment under which he is confined. The court concludes that the petition must be summarily dismissed.[1]

I.

A jury in the Tazewell County Circuit Court convicted John Mark Ealy of raping a child under the age of thirteen years, in violation of Virginia Code Ann. § 18.2-61, and of taking indecent liberties with a child under the age of fourteen years, with whom he had a custodial or supervisory relationship, in violation of Virginia Code Ann. § 18.2-370.1(A)(vi). The Court of Appeals of Virginia affirmed Ealy's convictions. Ealy v. Com., No. 2694-04-3, 2006 WL 3798172 (Va. Ct. App. Dec. 28, 2006). Court records online indicate that Ealy's subsequent appeal to the Supreme Court of Virginia was refused, and his petition for rehearing was denied on September 24, 2007.

---

[1] Under Rule 4(b) of the Rules Governing § 2254 Cases, the court may summarily dismiss a § 2254 petition if it is clear from the petition and attachments that the petitioner is not entitled to relief from this court.

The court of appeals held that:

> [t]he evidence establishe[d] that Ealy moved into his girlfriend's home in January 2003. The victim, Ealy's girlfriend's eleven-year-old daughter, also lived in the home. The victim testified that Ealy began sexually abusing her soon after he moved in with her mother. Eventually, Ealy had sexual intercourse with the victim as well. The victim reported the abuse in March 2003.

Ealy, 2006 WL 3798172 at *1.

During the investigation of these crimes, the Commonwealth seized items of bed linen and a pair of adult-sized women's underpants. According to Ealy, a forensics expert recommended, and the court ordered, DNA testing on all of these items for comparison to the DNA of the child's mother. The Commonwealth tested only the underpants and did not obtain the mother's DNA for testing. Ealy pleaded not guilty and maintained his innocence throughout the proceedings. His attempts to obtain additional DNA testing were denied. Ealy complains that at trial, the Commonwealth represented that the underpants belonged to the minor victim and used the results of DNA testing of the underpants "as a nexus of physical facts to convict Ealy of sex with a minor." Pet. 31, ECF No. 1. Ealy contends that "the Mother used her own underwear to implicate [Ealy] in a sex act with the minor (daughter)." Id. at 23. He claims that testing available at the time of trial "could not distinguish between parent and child(s) DNA," but that currently available test methods could do so. Id.

On October 17, 2008, Ealy filed a petition for a writ of habeas corpus in the circuit court that allegedly raised DNA issues. That court denied the petition, and on May 27, 2009, the Supreme Court of Virginia dismissed Ealy's habeas appeal on procedural grounds. Ealy has also filed motions in the trial court in 2010 and again in 2015, related to DNA testing. Both motions were denied. In denying the 2010 motion, the circuit court stated:

> This cause came before the Court on Defendant's Motion for Collection and Testing of Human Biological Evidence.
>
> Defendant requests that biological testing of a sample from the victim's mother...be conducted to eliminate her as the contributor of the specimen found on panties belonging to the victim and presented as evidence in the case against the Defendant.
>
> The Virginia Court of Appeals issued a written opinion in this case on August 4, 2005 holding that the Tazewell County Circuit Court did not err in eliciting saliva samples from the Defendant in connection with the physical evidence presented. Further the Court of Appeals found that expert analysis was conducted on the panties and revealed a significant amount of sperm on the panties consistent with the Defendant's DNA, as well as fluid matching the victim's DNA interspersed with the Defendant's sperm. Further the forensic scientist testified that no other DNA was found on the panties.

Pet. Exhibits, at 36, ECF No. 1-1.

Ealy signed and dated this § 2254 petition on June 17, 2018, stating under penalty of perjury that he was also placing his petition in the prison mailing system on that date. Ealy's petition presents the following contentions as grounds for relief under § 2254:

> 1. The court has discretion under 21 U.S.C. § 848(q)(9) to order new DNA testing that is reasonably necessary to support Ealy's claim of actual innocence;
>
> 2. The court is empowered to order the custodians of the evidence to make it available to a private entity for testing;
>
> 3. The court is empowered to order the Commonwealth to retain and preserve evidence for DNA testing;
>
> 4. The deliberate deception of the trial court and jury through the presentation of "known false evidence" (incomplete DNA testing) violated Ealy's Sixth and Fourteenth Amendment rights, Pet. 10, ECF No. 1;
>
> 5. No reasonable juror would have found Ealy guilty after review of a complete DNA test;
>
> 6. It is a miscarriage of justice to continue incarcerating Ealy while DNA evidence will prove the testimony to be fraudulent, malicious, and improper;

3

   7. The court should review the Writ of Innocence Procedure under Va. Code Ann. § 19.2-371(6), because the state court erred and violated Ealy's due process rights by denying relief without a trial or an appeal;

   8. Introduction into evidence and the record of a partial and incomplete DNA test was material and substantial misrepresentation of facts, in violation of due process;

   9. Virginia Code § 19.2-270.4(e), regarding storage of DNA evidence, is unconstitutional, because this section is unenforceable against the Commonwealth and "has been used to destroy evidence and prohibit impeachment of facts," Pet. 18, ECF No. 1; and

   10. Virginia Code § 19.2-327.1, allowing a motion by a convicted felon for post-conviction DNA testing, is unconstitutional because such a motion can be denied without a hearing or an appeal;

Ealy believes that this court should order DNA testing of evidence related to his conviction, conduct an evidentiary hearing, and void and vacate the conviction.

## II.

A federal habeas corpus under § 2254 must be filed within one year from the latest of:

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the district court gives the petitioner notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

Upon receiving Ealy's petition, the court notified him that it appeared to be untimely filed under § 2244(d) and granted him an opportunity to provide additional information on timeliness. Ealy has submitted a response.

By the terms of § 2244(d)(1)(A), a conviction becomes final when available direct appeal proceedings are exhausted. Ealy's direct appeals in the state courts concluded on September 24, 2007, when the Supreme Court of Virginia denied rehearing. His convictions then became final on December 24, 2007, when his opportunity to file a petition for a writ of certiorari in the United States Supreme Court expired. See Sup. Ct. R. 13(1) (time to file petition for writ of certiorari expires 90 days after entry of final judgment by highest state court). At that point, Ealy's federal filing period under § 2244(d)(1)(A) began to run.

The running of the statutory period is tolled during the pendency of properly filed state court post conviction proceedings. §2244(d)(2). For purposes of this opinion, the court will assume that Ealy properly filed his state habeas petition on October 17, 2008, and stopped the clock after 298 days of the federal filing period had elapsed. When the Supreme Court of Virginia dismissed Ealy's habeas appeal on May 27, 2009, however, the clock began to run once more. Ealy's filing period under § 2244(d)(1)(A) expired 67 days later on August 3, 2009. Because Ealy filed his § 2254 petition in June of 2018, nearly nine years after his statutory filing period expired, the petition is untimely filed under § 2244(d)(1)(A).

The only way Ealy may obtain review of his habeas claims is to demonstrate that the petition is timely under § 2244(d)(1)(B), (C), or (D), that equitable tolling applies, or that he has made a credible showing of "actual innocence" to justify setting aside the statute of limitations. See McQuiggin v. Perkins, 569 U.S. 383, 386-87 (2013).[2] Ealy does not contend that his petition

---

[2] The court has omitted internal quotation marks, alterations, and/or citations here and elsewhere in this opinion, unless otherwise noted.

5

is timely under any of the provisions in § 2244(d). Generally, equitable tolling occurs only if a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010). Ealy makes no such showing.

Instead, Ealy argues that because the evidence against him was not sufficient to prove his guilt beyond a reasonable doubt, the court should excuse his untimeliness under the actual innocence exception. In McQuiggin, the Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass" to obtain merits review of otherwise untimely habeas claims. 569 U.S. at 387; Teleguz v. Zook, 806 F.3d 803, 807 (4th Cir. 2015) ("a compelling showing of actual innocence enables a federal court to consider the merits of a petitioner's otherwise defaulted claims"). The actual innocence gateway is a rare phenomenon: "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." Schlup v Delo, 513 U.S. 298, 329 (1995)). This "[new] evidence must establish sufficient doubt about [a petitioner's] guilt to justify the conclusion that his [incarceration] would be a miscarriage of justice *unless* his conviction was the product of a fair trial." Id. at 316 (emphasis in original). Actual innocence "does not by itself provide a basis for relief. Instead, [the petitioner's] claim for relief depends critically on the validity of his [procedurally defaulted claim]." Id. at 315; see also Herrera v. Collins, 506 U.S. 390, 403 (1993)). Moreover, the actual innocence exception to default "means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

Ealy's "new evidence" allegedly showing his actual innocence is the result of the additional DNA testing that he seeks to obtain. His theory centers on the fact that half of a human being's DNA comes from each parent. On that basis, he contends that more sophisticated testing now available may demonstrate that the DNA on the underpants was from the victim's mother, rather than from the victim. He claims that the new test results will impeach these witnesses' testimony and "definitively establish who participated in the sex act." Pet. 46, ECF No. 1. He also contends that DNA testing of the bedding will reflect no DNA from Ealy and thus provide exculpatory evidence. In short, he argues that the new testing will show that the Commonwealth used incomplete testing to mislead the jury about the owner of the underpants, thus undermining confidence in the fairness of his trial.

The court cannot find from Ealy's submissions that he has made a sufficiently compelling claim of actual innocence to open the gateway he seeks. The jury heard testimony that the state's DNA expert could not say that, with one hundred percent certainty, the fluid on the underpants was from the victim. See gen. Pet. Attach., at 12-21, ECF No. 1-1. The jury also heard testimony that the victim's mother (Ealy's former girlfriend) gave the underpants to the detective, stating that they belonged to the victim. Id. Yet, despite such testimony, the jurors' verdict clearly reflected their finding that the victim's testimony about Ealy's sexual abuse was credible beyond a reasonable doubt. Even assuming that new test results would find that the mother's DNA was on the underpants and Ealy's DNA was not on the bedding, Ealy fails to explain how these facts would undermine the credibility of the victim's descriptions of the abuse or show his factual innocence. Thus, the court concludes that Ealy has not made a compelling showing that no reasonable juror could find him guilty of the crimes in light of the new DNA results he predicts. As such, he cannot invoke the actual innocence exception to excuse his

7

failure to file a timely § 2254 petition. Therefore, the court will dismiss the petition as untimely under § 2244(d)(1).

III.

In addition, many of Ealy's claims are not cognizable under § 2254 at any time. To the extent that Ealy seeks this court's order for DNA testing, the petition must be dismissed. Courts must "focus[] on the need to ensure that the state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005). A claim for DNA testing, even if successful, would not necessarily spell speedier release from custody because merely ordering DNA testing would not impact the length of Ealy's incarceration. See, e.g., Skinner v. Switzer, 562 U.S. 521, 536 (2011). Thus, such relief does not lie within "the core of habeas corpus."[3] Id.

Ealy also cannot use § 2254 to challenge to the validity of the state court's rulings on his post-conviction motions under state law, seeking DNA preservation and testing. A federal court may grant habeas relief from a state court judgment "only on the ground that [the petitioner[ is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

> [I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal

---

[3] No matter what legal vehicle remedy an inmate may utilize, there is no substantive due process right after conviction to have DNA evidence preserved or tested. Dist. Attorney's Office for the Third Judicial Circuit v. Osborne, 557 U.S. 52, 72 (2009); see also Skinner v. Switzer, 562 U.S. 521, 525 (2011). Such a defendant may have a protected "liberty interest in demonstrating his innocence with new evidence under state law," Osborne, 557 U.S. at 68, and may pursue a § 1983 procedural due process claim in that context. Skinner, 562 U.S. at 524-25. Because Ealy has not named a proper defendant for a § 1983 action, the court declines to construe his current submission as a § 1983 complaint.

> court is limited to deciding whether a conviction violated the Constitution, laws or treaties of the United States. Estelle v. McGuire, 502 U.S. 62, 67-69 (1991); Wright v. Angelone, 151 F.3d 151, 157 (4th Cir. 1998) ("It is black letter law that a federal court may grant habeas relief only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States.") (quotation marks omitted). Because this particular argument rests solely upon an interpretation of [state] statutory law, it is simply not cognizable on federal habeas review.

Larry v. Branker, 552 F.3d 356, 368 (4th Cir. 2009). Similarly, claims alleging defects in state post-conviction procedures do not constitute grounds for federal habeas relief, because such claims attack a collateral proceeding, not the basis for the detention itself. Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999); Bryant v. Maryland, 848 F.2d 492, 493 (4th Cir. 1988).

Ealy's contention that the state court misapplied state law in adjudicating his motions concerning DNA testing is, in essence, an appeal. Lower federal courts, like this one, do not have jurisdiction to review the judgments of state courts on appeal. Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997). Jurisdiction for appellate review of state court judgments lies exclusively with superior state courts and, ultimately, with the United States Supreme Court. Id.; 28 U.S.C. § 1257.

Finally, Ealy cites 18 U.S.C. § 848(q) and Cherrix v. Braxton, 131 F. Supp. 2d 756 (E.D. Va. 2001), as support for his motion for retesting of evidence. The Cherrix decision, however, concerned a former statutory provision applicable only to habeas corpus actions challenging a defendant's conviction for capital murder. See 21 U.S.C. § 848(q) (repealed). Accordingly, neither § 848(q) nor the Cherrix decision offer Ealy a ground for relief under § 2254.

IV.

For the stated reasons, the court concludes that Ealy's § 2254 petition must be summarily dismissed as untimely filed and/or as raising claims not cognizable under § 2254. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Ealy.

ENTER: This 7th day of December, 2018.

　　　　　　　　　　　　　　　　　　*[signature]*
　　　　　　　　　　　　　　　　　Senior United States District Judge